# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA FARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-255-BMJ |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Pamela Farris, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding she was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 21], and both parties have briefed their respective positions.[1] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.   Procedural Background**

On July 11, 2014, Plaintiff protectively filed an application for disability insurance benefits (DIB). *See* AR 12. The Social Security Administration (SSA) denied the application initially and on reconsideration. AR 62, 78. On May 21, 2015, Plaintiff filed an application for disabled widow's benefits. *See* AR 12. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated October 20, 2015. AR 9-29. The Appeals Council denied Plaintiff's

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

request for review. AR 1-5. Thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff seeks judicial review of this final agency decision.

## II.     The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluation process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since August 31, 2013, the alleged onset date. AR 15.

At step two, the ALJ determined Plaintiff suffered from the severe impairments of lumbar back pain with radiculopathy; cervical spine disc herniation at C6-7; and partial torn rotator cuff on the right, status post arthroscopic reconstructive surgery. AR 15.[2] At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 16.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally crouch, crawl, stoop, and use ramps and stairs. She can never be required to use ladders, ropes or scaffolds. She must avoid hazards, including unprotected heights or moving machinery.

AR 16-24. The ALJ determined Plaintiff was capable of performing past relevant work as a social worker, a child welfare worker, and a child welfare aide. AR 24-25. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 25.

## III.     Issues Presented for Judicial Review

Plaintiff alleges the ALJ failed to support his RFC determination by erring in his credibility analysis, improperly discounting the opinion of an examining doctor, and not properly considering

---

[2] The ALJ also found Plaintiff had non-severe impairments of depression and anxiety. AR 15-16.

2

Plaintiff's mental health impairments. The Court finds that the ALJ erred in his credibility analysis and does not reach the remainder of Plaintiff's claims.

IV. **Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

V. **Analysis**

A. **The ALJ Erred in His Credibility Analysis**

Plaintiff takes issue with the ALJ's analysis of his credibility. The Court will not disturb an ALJ's credibility findings if they are supported by substantial evidence because "[c]redibility determinations are peculiarly the province of the finder of fact." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (*citing Diaz v. Secretary of Health & Human Servs*., 898 F.2d 774, 777 (10th

3

Cir. 1990). Credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id*. (*citing Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir.1988) (footnote omitted)). The ALJ may consider a number of factors in assessing a claimant's credibility, including "the levels of medication and their effectiveness, the extensiveness of the attempts . . . to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, . . . and the consistency or compatibility of nonmedical testimony with objective medical evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

In coming to his credibility determination, the ALJ discussed Plaintiff's testimony and summarized the medical record. AR 16-23. The ALJ then listed the factors he considered in making his determination and listed the specific activities of daily life he considered. AR 23. Then, most pertinent to Plaintiff's argument, the ALJ found:

> Physical findings and objective test results have failed to reveal conditions which might be expected to produce the pain and other symptoms alleged by [plaintiff]. [Plaintiff's] allegations are not substantiated by the medical evidence to the extent alleged and are not sufficiently credible to support a finding of disability.

AR 23.

Plaintiff contends the ALJ mischaracterized and picked-and-chose through the results of the most-recent diagnostic imaging tests of her lumbar spine—particularly a March 30, 2015 x-ray and an MRI from April 27, 2015. Certainly, the x-ray constitutes an objective test result, as the ALJ included it in the summary of the medical records immediately prior to the credibility determination. AR 23. The MRI, on the other hand, was not included in the summary of the medical records or anywhere else in the decision. Plaintiff contends both the x-ray and MRI substantiate Plaintiff's contention of pain and prevents her from standing for six hours—a

4

requirement of light work. The Court finds Plaintiff's argument that the ALJ engaged in impermissible picking-and-choosing is well-grounded and therefore finds the ALJ's determination is not supported by substantial evidence.

In both instances where the ALJ addressed the March 30, 2015 x-ray, he stated simply that it did not show any "acute process." AR 22, 24. Plaintiff contends this description is inconsistent with the report as a whole. While the report states Plaintiff had "no acute compression fracture deformity," it also finds she had "moderate intervertebral disc at loss L5-S1" with bony foraminal narrowing—a finding ignored by the ALJ.[3] AR 445. Therefore, the ALJ picked-and-chose through the x-ray report and did not address the findings Plaintiff asserts lends supports her allegations of pain. Picking and choosing from the record is an impermissible practice and one necessitating remand. *See Hardman*, 362 F.3d at 681 (finding an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."); *see also Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (An ALJ need not "discuss every piece of evidence" but "must discuss the uncontroverted evidence he chooses not to rely on as well as significantly probative evidence he rejects.").

Furthermore, Plaintiff takes issue with the fact that the ALJ did not address her MRI results from April 27, 2015. The MRI notes significant findings regarding her back: severe right and left foraminal narrowing at L4-5 and L5-S1 with central canal narrowing secondary to a disc bulging at L5-S1. AR 436. Neither the MRI nor the severe foraminal narrowing were referenced by the ALJ in the opinion. Plaintiff contends the conditions found as a result of the MRI are consistent with her contention of chronic pain and affects her ability to stand six hours each day. By not

---

[3] In contrast, when discussing an x-ray of the cervical spine that supported his position, the ALJ went into detail regarding the lack of spinal stenosis and cord compression. AR 23.

5

considering the MRI, but utilizing evidence that was more favorable to his position, the ALJ again engaged in impermissible picking and choosing from the record.

The ALJ's credibility determination was not supported by substantial evidence, and therefore, remand is appropriate.

## B. The Court Does Not Reach Plaintiff's Remaining Points of Error

Plaintiff further argues the ALJ improperly discounted the opinion of an examining doctor, and did not properly consider Plaintiff's mental health impairments. The Court does not reach the merits of Plaintiff's claims as they "may be affected by the ALJ's treatment of the case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

The Court notes, however, that the ALJ utilized the same description of the x-ray when assigning little weight to Dr. Ashley Gourd's opinion that Plaintiff did not appear capable of working an eight-hour day. AR 24. On remand, the ALJ should avoid picking-and-choosing through the record in assigning weight to the opinions of medical sources.

## VI. Conclusion

For the reasons set forth, the Court reverses the decision of the Commissioner and remands the matter for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 11th day of January, 2018.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE